FILED
JAN -7 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CATHERINE EARP,**                                    Civil Case No. 08-1217-KI

           Plaintiff,

                            OPINION AND ORDER

   vs.

**MULTNOMAH COUNTY HEALTH
DEPARTMENT**, and **VALERIE WHITTLESEY**,
in her official capacity and as an individual,

              Defendants.


     George P. Fisher
     3635 SW Dosch Road
     Portland, Oregon  97239

         Attorney for Plaintiff

     Agnes Sowle, County Attorney
     for Multnomah County, Oregon
     Jenny M. Morf

Page 1 - OPINION AND ORDER

Bernadette Nunley
Assistant County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214

    Attorneys for Defendants

KING, Judge:

Before the court is plaintiff Catherine Earp's Motion for Attorney Fees (#21) and Bill of

Costs (#20). For the reasons set forth below, I grant the motion for attorney fees in part and grant

the Bill of Costs in part. Also before the court is plaintiff's Motion to Strike Defendants'

Objections (#27), which I deny.

## BACKGROUND

Plaintiff Catherine Earp, a nurse formerly employed by defendant Multnomah County

Health Department and supervised by defendant Valerie Whittlesey (together, "the County"),

alleged in a lawsuit that defendants violated her First Amendment right to free speech as well as

provisions of Oregon's Whistleblower Act. Plaintiff also brought claims alleging wrongful

discharge and intentional infliction of emotional distress. She filed her complaint on October 20,

2008.

The County produced an Offer of Judgment on October 12, 2009, which plaintiff

accepted on October 20, 2009. The Offer of Judgment reads, in pertinent part, as follows:

> Pursuant to the Federal Rules of Civil Procedure 68, defendants hereby
> offer to allow judgment in the above-captioned matter to be taken against them by
> plaintiff in the sum of fifteen thousand and one dollars and one cent ($15,001.01)
> in addition to reasonable costs and attorney fees incurred as of the date of this
> offer.

Defs.' Offer of J. (#15). Plaintiff is represented by George Fisher.

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

In addressing a petition for attorney fees under federal law, the court must first determine

the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a

reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended

on other grounds, 108 F.3d 981 (1997). In determining what constitutes a reasonable fee, the

district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d

67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations
> imposed by the client or the circumstances, (8) the amount involved and the
> results obtained, (9) the experience, reputation, and ability of the attorneys, (10)
> the "undesirability" of the case, (11) the nature and length of the professional
> relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the

Kerr factors not already subsumed in the lodestar calculation. Morales, 96 F.3d at 363-64. There

is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be

enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council

for Clean Air, 478 U.S. 546, 565 (1986). A reduction of the lodestar fee may be justified when

the plaintiff fails to obtain relief on all claims, and if hours spent on unsuccessful claims were not

needed to pursue successful claims. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988).

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court
subsequently held that enhancing a fee award on account of contingency is improper. See City of
Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d
1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3 - OPINION AND ORDER

.

## DISCUSSION

I.    Motion to Strike

Plaintiff moves to strike the County's objections to her Motion for Attorney Fees and Bill of Costs, arguing that the County's submission was untimely.

Plaintiff filed her motion for attorney fees on December 3, 2009. The County filed its response on December 21. Contrary to plaintiff's assertion, the County's objections were not late. Pursuant to Local Rule 54-3(b), objections were due "not later than fourteen (14) days after service of the motion." Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(a)(1), the "day of the event that triggers the period" is to be excluded. Counting fourteen days from December 4 would make the objections due December 17. Pursuant to FRCP 6(e), however, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Here, service was made under Rule 5(E) (service by electronic means), which made the objections due on Sunday, December 20. Pursuant to FRCP 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." As a result, the County's objections were due on Monday, December 21, which is when it filed them.

II.   Attorney Fees

    A.    Prevailing Party

The County, relying on Sea Coast Foods v. Lu-mar Lobster and Shrimp, 260 F.3d 1054, 1059 (9th Cir. 2001), suggests plaintiff is not a prevailing party and therefore not entitled to attorney fees. The defendant in Sea Coast Foods offered a judgment of $375,000, without

Page 4 - OPINION AND ORDER

mentioning whether or not that amount included attorney fees, which the plaintiff accepted. Since one of the claims under which plaintiff sued entitled it to attorney fees, the court was required to evaluate whether plaintiff was the prevailing party. Comparing the outcome with the demand of over $3,000,000, the court concluded plaintiff did not prevail. The County contends that, as in Sea Coast Foods, the settlement here was a nuisance settlement and that plaintiff's demand for reinstatement, backpay, emotional distress and punitive damages far exceeded what she received–"less than a quarter of plaintiff's yearly salary[.]" Defs.' Obj. at 3.

In contrast to the defendant's offer in Sea Coast Foods, however, the County's offer of judgment included "reasonable costs and attorney fees incurred as of the date of this offer." Offer of J. (#15). The County, as the "master of the offer," is not entitled to duck the language of its offer. Sea Coast Foods, 260 F.3d at 1059. As a result, I do not consider the County's frivolous argument that plaintiff is not entitled to attorney fees.

B.      Amount Requested

Plaintiff requests $49,530.00 in attorney fees. The County objects to the petition on the following grounds: Fisher's hourly rate should be reduced from $325 to $250; plaintiff may not recover for 46 hours Fisher spent prior to the filing of the Complaint; 14.5 hours Fisher spent "cataloging" discovery is not compensable; 4.7 hours Fisher spent after the County made its Offer of Judgment should be cut; and the total request is unreasonable and should be decreased based on the results plaintiff achieved.

1.      Hourly Rate

Fisher seeks fees based on an hourly fee of $325.

Page 5 - OPINION AND ORDER

The County relies on the Oregon State Bar's Economic Survey from 2007, in which Portland attorneys practicing civil litigation billed a median hourly rate of $250. Attorneys in the 95th percentile billed $350. The County also relies on several decisions from this court in which Fisher was awarded fees based on an hourly rate of $225.

Fisher suggests I should reference the section of the Economic Survey tracking hourly rates for attorneys in private practice based on years of practice. Attorneys practicing 16 to 20 years in Portland in the 75th percentile billed $325 per hour. He contends that in the absence of a published rate for attorneys in labor and employment law, I should consider him a specialist in the area and award this higher rate.

Fisher, having practiced 18 years in the somewhat complicated arena of employment law, is entitled to a higher hourly rate than is suggested by the County. However, given that the rates for attorneys representing plaintiffs in civil litigation (excluding personal injury) range from $181 (for the 25th percentile) to $350 (for the 95th percentile), I think a rate of $295 (in line with the 75th percentile) is appropriate.

## 2. Work Prior to Complaint

Fisher spent 46 hours, prior to drafting the Complaint, initiating and participating in the administrative process overseen by the Bureau of Labor and Industries (BOLI).[2] Plaintiff was not required to file a BOLI complaint as a condition to proceeding in court. These hours are not recoverable under 42 U.S.C. § 1988 if they do not have an "intimate connection" or serve some sort of "integral function" to the federal action. Rock Creek Ltd. P'ship v. State Water Res.

---

[2]Plaintiff does not dispute the County's calculation of the hours Fisher spent on BOLI-related matters.

Control Bd., 972 F.2d 274, 279 (9th Cir. 1992); see also Webb v. Board of Educ. of Dyer County,
471 U.S. 234, 243 (1985) (time spent on "optional administrative proceedings" may be
recoverable under § 1988 if work was "both useful and of a type ordinarily necessary to advance
the . . . litigation" to the point where the party succeeded).

Plaintiff asserts only that her "BOLI complaint sought to enforce § 1983." Pl's. Reply at
10. I cannot tell from Fisher's time entries whether his work on the BOLI complaint served him
well in the federal litigation and he provides no explanation as to what he filed with BOLI and
what he gained from that process that benefitted this litigation. As a result, I conclude Fisher
cannot recover for the 46 hours he spent on the BOLI proceeding.

### 3.      Cataloging Discovery

Fisher cataloged discovery for 14.5 hours, and the County objects to paying for that work.

Fisher explains that what he means by "cataloging" discovery is that he read the discovery
provided by plaintiff and the County and summarized each page. He found this process helped
inform him about the facts of the case. Fisher submitted to the court the catalog in support of his
statements about its content.

Plaintiff is entitled to fees for Fisher's review of discovery.

### 4.      Post-Offer Work

Fisher billed 7.9 hours after the County proposed its Offer of Judgment. The County is
seeking to excise 4.7 of those hours (10/13, 10/14, 10/20 and 11/19 entries). It specifically notes
in a footnote that it does not seek to exclude 3.2 hours Fisher spent on his fee petition (11/30
entry).

Fisher does not respond to the County's objection to 2.6 hours (the 10/13, 10/14 and 10/20 entries), but notes that the County included in its objection 2.1 hours Fisher spent on his fee petition (11/19 entry).

Despite the clear phrasing of the Offer of Judgment limiting attorney fees to those "incurred as of the date of this offer," the County does not object to Fisher's recovery of fees connected with his fee petition. Compare Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995) (post-offer legal work not compensable where offer clearly precludes such fees), with Holland v. Roeser, 37 F.3d 501 (9th Cir. 1994) (language of offer ambiguous as to whether fees cut-off as of date of offer). Since the County does not object, I excise only 2.6 hours Fisher spent on legal work after the offer of judgment, but allow Fisher to recover fees for his attorney fee petition. I also note that Fisher reports he spent 5 hours on his reply. He is entitled to those fees as well and need not submit a supplemental petition.

>           5.      Reasonableness of Award

The County contends that the overall fee should be reduced because plaintiff achieved only a modicum of success, the case was not complicated, it was resolved quickly, the 26.6 hours Fisher spent reviewing and producing discovery was excessive, and Fisher block billed.

After making the adjustments noted above, Fisher's fee request is reduced to a total of $32,096 (108.8 hours x $295). I accept Fisher's statements that the case was factually complex, that the County's inconsistent positions made "commitment to legal arguments and case strategy unusually fluid," and that he had to turn down other work to devote sufficient time to this case. Pl's. Mem. at 3. I see no block billing in Fisher's fee petition; where Fisher completed multiple tasks, he itemized the time parenthetically.

Nevertheless, because plaintiff achieved only minor success in the litigation, I think it is appropriate to reduce the award by forty percent. The County's Offer of Judgment made no admission of liability, the attorney fees as recalculated would be more than double the settlement, and plaintiff did not achieve the equitable or compensatory relief she sought.[3]

Accordingly, plaintiff is entitled to attorney fees in the amount of $19,257.60, plus $1,068.25 for electronic legal research which is described further below. Plaintiff is entitled to a total award of attorney fees of $20,325.85.

II.    Bill of Costs

Plaintiff seeks $3,977.48 in costs. Plaintiff is entitled to recover costs other than attorney fees as a matter of course, unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920.

The County argues that plaintiff's Bill of Costs was late since it was not filed within "fourteen (14) days after entry of judgment" as required by Local Rule 54-1(a)(1). Judgment was entered on November 12, 2009, but plaintiff did not file her Bill of Costs until December 3, 2009. The County concedes the court granted plaintiff an extension of time to file her Motion for Attorney Fees, but contends plaintiff did not request additional time to file her Bill of Costs.

I construe plaintiff's request for extension of time to include an extension to file a Bill of Costs.

The County also disputes that plaintiff is entitled to recover for electronic research, appearance fees, and deposition transcripts.

---

[3]Plaintiff contends that the County cannot guess at the amount of relief she sought. Plaintiff's wages, however, were $30.63 an hour and she sought backpay from July 8, 2007. Backpay for one year alone would exceed $60,000.

Page 9 - OPINION AND ORDER

Plaintiff itemized $1,068.25[4] for electronic legal research and Fisher reports that this is a cost "normally expected to be paid by a client who pays for legal services on an hourly basis." Pl's. Mem. at 4. Plaintiff concedes that she is not entitled to this amount as part of her Bill of Costs since electronic research is not an item enumerated in § 1920 for recovery. Kelley v. Sears, Roebuck, & Co., No. CV-01-1423-ST, 2004 WL 1824121, *5 (D. Or. Aug. 10, 2004).[5] Nevertheless, she submits that she can recover those costs as part of her attorney fee award. Id.

Case law supports plaintiff's contention that she can recover the cost of conducting electronic research as part of her attorney fee award. Trustees of Const. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258-59 (9th Cir. 2006). The benefits of electronic research reduces the time an attorney would otherwise spend researching legal matters. See Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (9th Cir. 1994) ("even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently."); Accordingly, plaintiff is entitled to recover $1,068.25 as part of her attorney fee award.

Plaintiff also seeks costs for court reporter appearance fees of $330. These are not recoverable under § 1920. Bosse v. Napolitano, 337 F. App'x 633, 636-7 (9th Cir. 2009) ("district court excluded reporter appearance fees" and therefore "did not inappropriately tax reporter appearance fees").

---

[4]Confusingly, plaintiff reports this amount as $1,103.81 in her Bill of Costs and $1,068.25 in her Motion for Attorney Fees. The invoices add up to $1,068.25.

[5]I note that Fisher was plaintiff's attorney in Kelley. That opinion was issued in 2004. Fisher, therefore, should have known not to request these costs as part of the Bill of Costs.

Finally, plaintiff seeks $2,127.15 in transcript fees. The County contends that because the parties did not engage in motions practice or proceed to trial, the depositions were merely for discovery purposes and may not be taxed against it. Plaintiff responds that by taking the depositions she was able to force the County to settle the case. Plaintiff neglects to offer any explanation as to the identities of the deposed individuals and why taking the depositions was "reasonably necessary in light of facts known to counsel at the time[.]" Taylor v. Albina Community Bank, No. CV-00-1089-ST, 2002 WL 31973738, *9 (D. Or. Oct. 2, 2002). Indeed, "[d]epositions which are merely useful for discovery, investigative, or preparatory purposes are not taxable items and are expenses 'incidental to normal preparation for trial.'" Id. at *8. Accordingly, I decline to award these costs.

In sum, I award plaintiff the $350 for her filing fee and the $66.52 for her printing fees, for a total of $416.52.

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Attorney Fees (#21) and Bill of Costs (#20) are granted in part. Plaintiff is entitled to $20,325.85. in attorney fees and $416.52 in costs.

IT IS SO ORDERED.

Dated this _____ 7 7th _____ day of January, 2010.

Garr M. King
United States District Judge